## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                :

In re:                :

                :       Chapter 7

                :       Case No. 20-10846 (SCC)

MYND SPA & SALON, INC.,       :

                :       (Jointly Administered)

          Debtor[1].    :

                :

------------------------------------------------------------------x

**ORDER GRANTING TRUSTEE'S OMNIBUS
MOTION FOR ENTRY OF AN ORDER AUTHORIZING
AND APPROVING THE (I) REJECTION OF CERTAIN LEASES AND
AGREEMENTS AND (II) ABANDONMENT OF PERSONAL PROPERTY**

Upon the motion (the "Motion")[2] of Albert Togut, not individually but solely in his capacity as Interim Trustee herein (the "Trustee"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm") for an order (this "Order") pursuant to sections 362(d), 365 and 554(a) of the Bankruptcy Code, Bankruptcy Rules 6003, 6006, and 9014, and Local Bankruptcy Rules 6006-1(a) and 9013-1(a): (I) authorizing the Trustee to reject the Rejected Contracts, each effective as of the Petition Date, and (II) authorizing the abandonment of the Personal Property; and this Court having reviewed the Berger Declaration submitted in support of the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) SASOS Holdings, Inc. (4903) (Case No. 20-10844); (ii) SAS OneSource, Inc. (5504) (Case No. 20-10845); (iii) Mynd Spa & Salon, Inc. (5718) (Case No. 20-10846); and (iv) OneSource Service, Inc. (4067) (Case No. 20-10847).

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

III of the United States Constitution;  and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;  and good and sufficient notice of the Motion having been given under the particular circumstances described in the Motion;  and it appearing that no other or further notice is necessary;  and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after good deliberation and sufficient cause appearing therefor;  it is hereby;

**ORDERED, ADJUDGED, AND DECREED that:**

1.  The Motion is GRANTED solely to the extent set forth herein.

2.  All objections and responses to the Motion that are not expressly resolved in this Order are overruled.

3.  The Trustee is authorized to reject the Rejected Contracts set forth on **Schedule 1** attached hereto.

4.  The rejection of each Rejected Contract shall be immediately effective as of the Petition Date (the "Rejection Date").

5.  Promptly after the Rejection Date, the Trustee and Rosenthal shall attempt to coordinate the surrender of the Leased Premises to the landlord or hotel operator of each Leased Premises;  provided, however, that the Trustee, his retained professionals, the Debtors' estates, Rosenthal and its representatives shall have no liability in connection with the surrender of possession of the Leased Premises.

6.  The Trustee does not waive any claims he may have against the counterparties to the Rejected Contracts or any other party, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Contracts.

7.  The Trustee is authorized to abandon (a) the FF&E located at each Leased Premises to the respective landlord or hotel operator that is counterparty to that

2

Rejected Contract, and (b) the remaining Personal Property, including the Cash, the

Inventory and the other assets that constitute collateral subject to the Rosenthal Liens, to

Rosenthal and, in connection therewith, the automatic stay is modified pursuant to

section 362(d) of the Bankruptcy Code solely to permit Rosenthal to exercise its rights to

sell or otherwise dispose of such Personal Property for application to the Rosenthal

Secured Claim.  Nothing contained herein is intended to impair or otherwise affect any

party's respective rights under the Rejected Contracts, applicable law or otherwise.

8.　　Rosenthal shall promptly provide the Trustee with written

accountings of its dispositions of the Personal Property that is abandoned to it pursuant

to this Order upon written request by the Trustee, and it shall turnover to the Trustee

any funds in excess of the Rosenthal Secured Claim not later than 15 days after it sells or

otherwise disposes of the Personal Property.

9.　　Nothing in the Motion or this Order shall be deemed or construed

as an approval of an assumption of any lease, sublease, or contract pursuant to section

365 of the Bankruptcy Code.

10.　　All rights and defenses of the Trustee, including, without

limitation, regarding any Rejected Contract are preserved, including all rights and

defenses of the Trustee regarding any subsequently filed proof of claim for damages

arising as a result of a lease rejection, including, but not limited to, any right of the

Trustee to assert an offset, recoupment, counterclaim, or deduction.  In addition,

nothing in this Order or the Motion shall limit the Trustee's ability to subsequently

assert that any particular lease or contract is terminated and/or expired.

11.　　Nothing in the Motion or this Order or the relief granted (including

any actions taken or payments made by the Trustee pursuant thereto) shall be

construed as (a) an admission as to the validity, priority, or character of any claim or

other asserted right or obligation, or a waiver or other limitation on the Trustee's or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law;  (b) a promise to pay any claim or other obligation;  (c) granting third-party-beneficiary status or bestowing any additional rights on any third party;  or (d) being otherwise enforceable by any third party.

12.    Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a) and Local Bankruptcy Rules 6005-1 and 9006-1.

13.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

14.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15.    The Trustee, the Togut Firm and Rosenthal are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

16.    This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:  New York, New York
       April __, 2020

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

4