## EXHIBIT B

### Berger Declaration

Togut, Segal & Segal LLP
*Proposed Attorneys for Albert Togut*
*Not Individually But Solely in His Capacity*
*as the Chapter 7 Interim Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                          :

In re:                          :

                          :      Chapter 7
                          :      Case No. 20-10846 (SCC)

MYND SPA & SALON, INC.,      :

                          :      (Jointly Administered)

                 Debtor[1].      :

                          :

-------------------------------------------------------------x

### DECLARATION OF NEIL BERGER IN SUPPORT
### OF CHAPTER 7 INTERIM TRUSTEE'S OMNIBUS
### MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
### AND APPROVING THE REJECTION OF CERTAIN LEASES AND
### AGREEMENTS AND (II) ABANDONMENT OF PERSONAL PROPERTY

I, Neil Berger, declare as follows:

1. I am a member of Togut, Segal & Segal LLP, proposed counsel to Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee to the estates of SASOS Holdings, Inc. ("Holdings"), SAS OneSource, Inc. ("OneSource"), Mynd Spa & Salon, Inc. ("Mynd Spa"), and OneSource Service, Inc. (collectively, the "Debtors"), with offices located at One Penn Plaza, New York, New York 10119.

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) SASOS Holdings, Inc. (4903) (Case No. 20-10844); (ii) SAS OneSource, Inc. (5504) (Case No. 20-10845); (iii) Mynd Spa & Salon, Inc. (5718) (Case No. 20-10846); and (iv) OneSource Service, Inc. (4067) (Case No. 20-10847).

2.      I submit this declaration (this "Declaration") in support of the motion (the "Motion")[2] of the Trustee for an order authorizing the Trustee to (I) reject the Rejected Contracts, each effective as of the Petition Date, and (II) abandon the Personal Property.  Except as otherwise set forth below, all facts herein are based on my personal knowledge, information gathered from review of relevant documents, and information supplied by other professionals retained or seeking to be retained in these Chapter 7 Cases.

3.      Pursuant to the Motion, the Trustee seeks entry of the Order to authorize the Trustee to reject the Rejected Contracts and abandon the Personal Property located at the Leased Premises.

4.      The Trustee has not operated any of the Debtors' businesses nor has he sought authority to do so.

5.      The Trustee may reach an agreement with a buyer to sell all or a portion of the Debtors' assets, including its interests in certain of the Rejected Contracts, pursuant to the Sale under sections 363 and 365 of the Bankruptcy Code, but no acceptable proposal has yet been made to the Trustee.  As part of the Trustee's efforts to maximize the value of the estate for creditors, the Trustee intends to terminate burdensome contracts that do not otherwise have assignment value if not included in the Sale.

6.      The Rejected Contracts set forth on **Schedule 1** attached to the Order are undesirable because they are not marketable to other prospective buyers or operators.[3]  Moreover, if the Trustee does not reject these contracts, the Debtors' estates

---

[2]   Capitalized terms not defined herein have the meanings ascribed to such terms in the Motion.

[3]   Virtually all of the Rejected Contracts are short-term agreements with less than 3-5 years remaining on the term for each of them.

2

could accrue post-petition use and occupancy charges at the expense of the Debtors'
estates with no corresponding benefit.

7.     The Trustee has concluded that rejecting the Rejected Contracts and
the abandoning of the Personal Property that is located at the Leased Premises are
sound exercises of the Trustee's considered business judgment, and is in the best
interests of the Debtors' estates, their creditors, and all other parties in interest.

**WHEREFORE,** pursuant to 28 U.S.C. § 1746, I declare under penalty of
perjury that the foregoing statements are true and correct to the best of my knowledge,
information, and belief.

Dated:   New York, New York
         April 10, 2020

/s/ *Neil Berger*
NEIL BERGER
Togut, Segal & Segal LLP
One Penn Plaza - Suite 3335
New York, New York 10119
(212) 594-5000

3