UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| | : | Case No. 20-10846 (SCC) |
| MYND SPA & SALON, INC., | : | |
| | : | (Jointly Administered) |
| Debtor[1]. | : | |
| | : | |

----------------------------------------------------------------x

### ORDER GRANTING TRUSTEE'S OMNIBUS
### MOTION FOR ENTRY OF AN ORDER AUTHORIZING
### AND APPROVING THE (I) REJECTION OF CERTAIN LEASES AND AGREEMENTS
### AND (II) ABANDONMENT OF PERSONAL PROPERTY

Upon the motion (the "Motion")[2] of Albert Togut, not individually but solely in his capacity as Interim Trustee herein (the "Trustee"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm") for an order (this "Order") pursuant to sections 362(d), 365 and 554(a) of the Bankruptcy Code, Bankruptcy Rules 6003, 6006, and 9014, and Local Bankruptcy Rules 6006-1(a) and 9013-1(a):  (I) authorizing the Trustee to reject the Rejected Contracts, each effective as of the Petition Date, and (II) authorizing the abandonment of the Personal Property; and this Court having reviewed the Berger Declaration submitted in support of the Motion;  and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012;  and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) SASOS Holdings, Inc. (4903) (Case No. 20-10844);  (ii) SAS OneSource, Inc. (5504) (Case No. 20-10845); (iii) Mynd Spa & Salon, Inc. (5718) (Case No. 20-10846) ("MyndSpa");  and (iv) OneSource Service, Inc. (4067) (Case No. 20-10847).

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and good and sufficient notice of the Motion having been given under the particular circumstances described in the Motion; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after good deliberation and sufficient cause appearing therefor; it is hereby;

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED solely to the extent set forth herein.

2.      All objections and responses to the Motion that are not expressly resolved in this Order are overruled.

3.      The Trustee is authorized to reject the Rejected Contracts set forth on **Schedule 1** attached hereto.

4.      The rejection of each Rejected Contract shall be immediately effective as of the Petition Date (the "Rejection Date"), except that the Rejection Date for the landlords at the locations set forth below (collectively, the "Settled Landlords") shall be on the date of Surrender of the applicable location set forth below:

| Landlord | Location | Date of Surrender |
|---|---|---|
| Starwood Retail Partners | Willow Bend | April 22, 2020 |
| Federal Realty Investment Trust | Pike & Rose | April 22, 2020 |
| Federal Realty Investment Trust | Pentagon Row | April 22, 2020 |
| Brookfield Properties Retail | Short Pump, VA | April 24, 2020 |
| Keystone-Florida Property Holding Corp. | Galleria at Ft. Lauderdale, FL | April 24, 2020 |
| T-C 919 N. Michigan Avenue Retail LLC | 919 N. Michigan Ave. Chicago, Il | April 24, 2020 |

5.      The Settled Landlords shall have allowed administrative claims in the amount of $1,000.00 for each of their respective locations, which administrative claims shall be subordinate only to the allowed compensation and expenses of the Trustee and his retained professionals, and without limitation to any landlord's ability to file proofs of claim for damages arising as a result of the lease rejections, with all such claims being preserved.

6.      Notwithstanding anything to the contrary set forth herein, the objection filed by Hotel at UMCP, LLC ("UMCP") [Dkt. No. 38] is resolved such that (a) UMCP does not object to the rejection of its lease with MyndSpa or the abandonment sought by the Trustee in the Motion as of the surrender date set forth in this paragraph, (b) the Rejection Date for its location shall be the date of surrender of April 24, 2020, (c) UMCP shall have an allowed administrative expense claim in the amount of $2,000.00 against the MyndSpa estate, which administrative claim shall be subordinate only to the allowed compensation and expenses of the Trustee and his retained professionals, and without limitation to UMCP's ability to file a proof of claim for damages arising as a result of the rejection of its lease, with such claim being preserved.

7.      Notwithstanding anything to the contrary set forth herein, the Objection filed by Sator Realty Inc. ("Sator") [Dkt. No. 36] is resolved such that (a) Sator does not object to the rejection of its lease with MyndSpa or the abandonment sought by the Trustee in the Motion, (b) Sator shall have an allowed administrative expense claim against the MyndSpa estate, which will be subordinate only to the allowed compensation and expenses of the Trustee and his retained professionals, and (c) the Court will conduct a hearing, on a date to be determined by the Court, to determine the amount of Sator's administrative claim if the Trustee and Sator are unable able to reach an agreement regarding the amount of an administrative claim

in favor of Sator;  provided, however, that nothing herein shall be deemed to prejudice the rights

of Sator or the Trustee in connection with the hearing to determine the amount of Sator's

administrative expense claim.

8.    Promptly after the Rejection Date, the Trustee and Rosenthal shall attempt

to coordinate the surrender of the Leased Premises to the landlord or hotel operator of each

Leased Premises which have not been surrendered as of the date hereof;  provided, however, that

the Trustee, his retained professionals, the Debtors' estates, Rosenthal and its representatives

shall have no liability in connection with the surrender of possession of the Leased Premises.

9.    Except as may be expressly set forth herein or in other orders of the Court, neither

the Trustee nor any landlord or hotel operator waives any claims each may have against the

Estate or counterparties to the Rejected Contracts or any other party, whether or not such claims

arise under, are related to the rejection of, or are independent of the Rejected Contracts,

including but not limited to landlords' rights to pursue indemnity claims against the Debtors'

insurance.

10.    The Trustee is authorized to abandon (a) with respect to all retail and

office locations, the FF&E and remaining Personal Property located at each such Leased

Premises as of the date of this Order to the respective landlord or hotel operator that is

counterparty to that Rejected Contract, and (b) the Personal Property, including the Cash, the

Inventory and the other assets that constitute collateral subject to the Rosenthal Liens which are

at the Elgin, Illinois warehouse (the "Elgin Warehouse") or for which Rosenthal has possession

thereof as of the date of this Order, to Rosenthal and, in connection therewith, the automatic stay

is modified pursuant to section 362(d) of the Bankruptcy Code solely to permit Rosenthal to

exercise its rights to sell or otherwise dispose of such Personal Property for application to the

4

Rosenthal Secured Claim.  Nothing contained herein is intended to impair or otherwise affect any party's respective rights under the Rejected Contracts, applicable law or otherwise.

11.    Except as may be expressly set forth herein or in other orders of the Court, upon the Rejection Date, with the exception of the landlord for the Elgin Warehouse, the landlords with respect to each of their premises are authorized to use or dispose of any abandoned FF&E and any remaining property or assets of the Debtors in such premises without any further notice to any party or Court order, free and clear of all liens, claims, encumbrances, and interests, and without any liability to the Debtors, their estates, and any third party and without waiver of any claim that the landlords may have against the Debtors and their estates.  To the extent applicable, the automatic stay is hereby modified to permit such use or disposition, including but not limited to the transfer of title by the applicable Debtor(s).  Such landlords reserve all rights regarding any property which is required to be removed prior to the Rejection Date.

12.    Rosenthal is authorized to sell or dispose of any abandoned Personal Property that is abandoned to it pursuant to this Order, without any further notice to any party or Court order, free and clear of all liens, claims, encumbrances, and interests, and without any liability to the Debtors, their estates, and any third party;  provided, however, that Rosenthal shall promptly provide the Trustee with written accountings of its dispositions of the Personal Property that is abandoned to it pursuant to this Order upon written request by the Trustee, and it shall turnover to the Trustee any funds in excess of the Rosenthal Secured Claim not later than 15 days after it sells or otherwise disposes of the Personal Property.

13.    Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

14.    All parties' rights and defenses, including, without limitation, regarding any Rejected Contract are preserved, including all rights and defenses of the Trustee regarding any subsequently filed proof of claim for damages arising as a result of a lease rejection, including, but not limited to, any right of the Trustee to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Trustee's ability to subsequently assert that any particular lease or contract is terminated and/or expired.

15.    Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Trustee pursuant thereto), except as may be expressly set forth herein, shall be construed as (a) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Trustee's or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law;  (b) a promise to pay any claim or other obligation;  (c) granting third-party-beneficiary status or bestowing any additional rights on any third party;  or (d) being otherwise enforceable by any third party.

16.    Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a) and Local Bankruptcy Rules 6005-1 and 9006-1.

17.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

18.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19.     The Trustee, the Togut Firm and Rosenthal are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

20.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:   New York, New York
         April 28, 2020

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE